# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

**Farina Parniani,**

     Plaintiff,

v.

**Cardinal Health, Inc., et al.,**

     Defendants.

Civil No. 06-2514 (PJS-JJG)

**REPORT
AND
RECOMMENDATION**

---

This matter is before the undersigned for resolution of dispositive motions. Plaintiff Farina Parniani is proceeding pro se. Defendants Cardinal Health, Inc., XL Capital Ltd., Sedgwick Claims Management Services, Inc., Cumberland Pharmaceuticals, Inc., April Ulrickson, Lynn Johnson, David A. North, Kerry Clark, Carole Watkins, Jeff Russell, Jean Niece, Beth Catlett, Yvonne L. Long, Al Kazimi, James D. Aderhold, and J. William Hix are represented by Mark A. Fredrickson, Esq. Defendant The Hartford is represented by Eric C. Tostrud, Esq. Defendants Hanft Fride and Kathleen Bray are represented by John D. Kelly, Esq. Defendants Nolan Segal and Western Orthopaedic Surgery are represented by Kevin J. Rodlund, Esq. Defendant Medical Evaluations, Inc. is represented by Jenneane L. Jansen, Esq. The motions are referred to this Court for a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1.

## I.     BACKGROUND

### A.     Introduction

This litigation originates out of a dispute between plaintiff Fariba Parniani and her employer, defendant Cardinal Health. In her work as a sales representative, Ms. Parniani (Parniani) was selling

products from defendant Cumberland Pharmaceuticals, and she allegedly suffered an injury.

Parniani then brought a workers' compensation claim, which was denied. Cardinal Health had workers' compensation insurance through defendant XL Capital, and the claim was handled by defendant Sedgwick Claims Management Services.

Parniani challenged this result through a petition to the Workers' Compensation Division of the Minnesota Department of Labor and Industry. Defendant Hanft Fride, a law firm, was retained by XL Capital to represent Cardinal Health in this proceeding. Defendant Kathleen Bray was the attorney from Hanft Fride who worked on the matter.

In accordance with the statutory procedures for the workers' compensation court, Parniani submitted to an independent medical examination. The examination was scheduled by defendant Medical Examinations, Inc. Defendant Nolan Segal, a surgeon associated with defendant Western Orthopaedic Surgery, conducted the examination.

Proceedings before the workers' compensation court are pending. A hearing on Parniani's petition was stricken and has yet to be rescheduled.

**B.      Procedural History**

Parniani commenced this action on June 20, 2006. The complaint raised nine counts against seventeen defendants, generally alleging that they conspired to deny her unemployment and workers' compensation benefits. Parniani filed an amended complaint on July 18, 2006, which raised a total of fourteen counts against twenty-two defendants.

Due to concerns about the filing and service of the amended complaint, this Court issued an order on August 4, 2006. It directed Parniani to serve the defendants with the amended complaint on or before

August 31, 2006 and to file an affidavit of service.

Pursuant to an order from Judge Patrick J. Schiltz on July 28, 2006, all dispositive motions in this matter had been referred to this Court for a report and recommendation. In September and October 2006, the parties filed several dispositive motions. Through an order on October 25, 2006, this Court ruled that five of the pending dispositive motions would be heard and all others would be stayed.

The motion hearing was held on November 14, 2006 and this Court issued its report and recommendation on December 4, 2006. Because Parniani had not complied with the August 4 order, and because the defendants represented that they were not properly served with the July 14 amended complaint, this Court determined the amended complaint was not in effect. Limiting the analysis to the nine counts and seventeen defendants in the original complaint, this Court recommended that this matter be dismissed.

After Parniani duly objected, Judge Schiltz reviewed the report and recommendation in his order of March 28, 2007. He determined that the findings of this Court, regarding the service of the amended complaint, were erroneous. As a result, the order remands back to this Court for further consideration on the issue of service. This Court is directed, in particular, to examine whether the defendants were properly served and whether any objections to service were waived.

Assuming that the defendants either were properly served or waived objections to defective service, this Court would be required to examine all fourteen counts in the amended complaint. As Judge Schiltz acknowledges in his remand order, the counts in the amended complaint incorporate those in the original complaint. So to the extent that the December 4 report addressed claims in the original complaint, that analysis remains useful here.

3

Aside from the five dispositive motions discussed in the December 4 report, the parties have filed at least six more dispositive motions. Though the extra motions often restate issues raised in the original five motions, there are some additional concerns. To ensure that the dispositive motions are handled in an efficient and consistent manner, all motions will be examined together, as this Court indicated in its order of April 17, 2007. For this reason, the analysis in this report will vary from that of the December 4 report in some respects.

For ease of reference, the defendants in this matter are described as follows. The Cardinal defendants consist of Cardinal Health and six of its officers or employees. The Sedgwick defendants and the Cumberland defendants likewise respectively consist of Sedgwick Claims Management and its three employees, and Cumberland and its three employees. Hanft Fride includes Kathleen Bray; Segal includes Western Orthopaedic Surgery. The remaining three defendants—XL Capital, The Hartford, and Medical Evaluations—are proceeding individually and are described accordingly.

It is notable that Cardinal defendants, the Sedgwick defendants, the Cumberland defendants, and XL Capital are all represented by the same counsel. Except for XL Capital, their arguments are nearly identical. Though the interests of these defendants are generally aligned, their arguments vary according to their respective relationships with Parniani. It will sometimes be useful, therefore, to refer to these defendants separately.

## II.   ANALYSIS

### A.   Sufficiency of Service

In accordance with the directions of the remand order, the threshold issues here are whether the defendants were properly served, and if not, whether the defendants waived their objections to defective

service.

As Judge Schiltz observed in his March 28 order, the defendants have made statements that show they have actual notice of the amended complaint. This Court further notes that three of the defendants executed waivers of service. But the record of service to the other defendants is not well established. Throughout this litigation, Parniani has not separately filed certificates of service with her pleadings. On this record, findings as to the form and sufficiency of service are problematic.

This concern is easily resolved by turning to the question of waiver, which is controlled by the Rules of Civil Procedure. Rule 12(g) provides,

> A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted [with limited exceptions].

Rule 12(h)(1)(A) adds in relevant part,

> A defense of . . . insufficiency of service of process is waived if omitted from a motion in the circumstances described in [Rule 12(g)].

So as a general rule, if a party brings a motion under Rule 12 but does not assert insufficiency of service, any defects as to process are waived. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1399-1400 (7th Cir. 1993).

More particularly, where a party brings a motion to dismiss for failure to state a claim under Rule 12(b)(6), but does not challenge sufficiency of process under Rule 12(b)(5), the latter defense is waived. *Chute v. Walker*, 281 F.3d 314, 319 (1st Cir. 2002). A defendant asserting insufficiency of process cannot simply make a superficial objection, but instead must specifically state the manner in which the

plaintiff failed to accomplish service. *Photolab Corp. v. Simplex Specialty Co.*, 806 F.2d 807, 810 (8th Cir. 1986).

With the exception of XL Capital, all of the defendants in this litigation have filed motions to dismiss for failure to state a claim. None of these motions directly raise the defense of insufficient service or invoke relief under Rule 12(b)(5). For this reason, their objections regarding sufficiency of service are waived.

Unlike the other defendants, XL Capital has consistently maintained that it was not properly served. It has made special appearances in order to oppose dispositive motions by Parniani, in which it reiterates its arguments of insufficient service. But it has not sought dismissal for this reason under Rule 12(b)(5). This Court notes that, even if XL Capital admits it has actual notice of the amended complaint, such notice does not waive its objections to service. *See Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993). For reasons that will become evident later, this Court will not analyze the question of whether XL Capital was duly served in this matter.

## B.    Abstention

Many of the defendants suggest that it is appropriate to decline jurisdiction and either stay or dismiss this litigation. The Cardinal defendants, the Sedgwick defendants, and the Cumberland defendants all invoke the doctrine of primary jurisdiction. Medical Evaluations does the same and also invokes the *Burford* abstention doctrine. These two doctrines are similar but not identical. *See Poulos v. Caesars World, Inc.*, 379 F.3d 654, 670-71 (9th Cir. 2004).

Primary jurisdiction covers circumstances, during litigation before a federal court, where a parallel proceeding is occurring before an administrative agency. If the issues before the court are better committed to the expertise of the agency, the court may decline jurisdiction. *Alpharma, Inc. v. Pennfield Oil Co.*,

6

411 F.3d 934, 938 (8th Cir. 2005).

*Burford* abstention is involved where a federal court is asked to decide a complex question of state law in an area where state institutions typically decide such matters. Similar to the doctrine of primary jurisdiction, if issues are better left to the expertise of state institutions, then it is suitable for a court to decline jurisdiction. *In re Otter Tail Power Co.*, 116 F.3d 1207, 1215 (8th Cir. 1997).

Regardless of the theory, abstention is disfavored, and a federal court is ordinarily expected to decide the matters before it. *See Arkansas Medical Soc'y, Inc. v. Reynolds*, 6 F.3d 519, 528-29 (8th Cir. 1993). Though this Court may examine some factual issues that are before the workers' compensation court, the legal issues here do not require inquiry into complex administrative law, nor do they require specialized expertise. It is not appropriate, therefore, to decline jurisdiction.

## C.       Personal Jurisdiction

The Cardinal defendants, the Sedgwick defendants, and the Cumberland defendants all seek dismissal in part for lack of personal jurisdiction. In this context, the court examines the record to determine whether the plaintiff has demonstrated an adequate basis for personal jurisdiction, taking all reasonable inferences for the plaintiff. *See Stanton v. St. Jude Medical, Inc.*, 340 F.3d 690, 693 (8th Cir. 2003).

The defendants' arguments on this point are limited to Counts I, III, and IV of the amended complaint, which are claims for defamation and invasion of privacy. They assert, under Minnesota's long-arm statute, that personal jurisdiction over these claims is not permitted. The analysis on this question remains unchanged from that in the December 4 report, but for the sake of completeness, that analysis follows here.

7

A federal court cannot exercise authority over a nonresident defendant unless it has personal jurisdiction over that defendant. *Minnesota Mining & Mfg. Co. v. Nippon Carbide Indus. Co.*, 63 F.3d 693, 696 (8th Cir. 1995). To determine personal jurisdiction, a court must examine whether its authority is within the long-arm statute of the forum state and whether that authority comports with due process. *Guinness Import Co. v. Mark VII Distributors, Inc.*, 153 F.3d 607, 614 (8th Cir. 1998).

Minnesota's long-arm statute provides in relevant part,

> As to a cause of action arising from any of the acts enumerated in this subdivision, a court of this state with jurisdiction of the subject matter may exercise personal jurisdiction over any foreign corporation or any nonresident individual . . . in the same manner as if it were a domestic corporation or if the individual were a resident of this state. This section applies if . . . the foreign corporation or nonresident individual:
>
> . . . .
>
> iv.   commits any act outside Minnesota causing injury or property damage in Minnesota, subject to the following exceptions when no jurisdiction shall be found:
>
> . . . .
>
> 3.   the cause of action lies in defamation or privacy.

Minn. Stat. § 543.19, subd. 1. This statute bars a court from exercising personal jurisdiction over a nonresident person, for defamation or invasion of privacy, where the wrongful act occurred outside of Minnesota. *Paulucci v. William Morris Agency, Inc.*, 952 F.Supp. 1335, 1341 (D.Minn. 1997). This rule remains applicable even if the defamatory statement is made outside Minnesota but is transmitted directly into the state. *Northwest Airlines, Inc. v. Friday*, 617 N.W.2d 590, 593 (Minn. App. 2000); *Wheeler v. Teufel*, 443 N.W.2d 555, 558 (Minn. App. 1989).

8

Where a nonresident defendant challenges personal jurisdiction, a plaintiff has the burden to demonstrate facts that establish personal jurisdiction. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073-74 (8th Cir. 2004). But here, the record fails to specify any statements or acts that constitute defamation or an invasion of privacy. As a result, this Court lacks the power to exercise personal jurisdiction over these counts, which are appropriately dismissed without prejudice.[1]

### D.       Failure to State a Claim

Nearly all the defendants bring motions for failure to state a claim. This relief is appropriate when the allegations in the complaint are so deficient that they provide no cause for relief. *Quinn v. Ocwen Federal Bank FSB*, 470 F.3d 1240, 1244 (8th Cir. 2006). When considering this question, a court shall only examine the pleadings, taking all reasonable inferences in favor of the nonmoving party. *Potthoff v. Morin*, 245 F.3d 710, 715 (8th Cir. 2001); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

### Count I:        Defamation

This Court previously concluded, under this count and two others for invasion of privacy, that it lacks personal jurisdiction over the Cardinal defendants, the Sedgwick defendants, and the Cumberland defendants. But these counts still stand against the other defendants, who may consent to personal jurisdiction in order to challenge these claims on their merits. *See Ytuarte v. Gruner & Jahr Printing & Publishing Co.*, 935 F.2d 971, 972 (8th Cir. 1991) (noting that a defendant may consent to personal

---

[1] Though the Cardinal defendants, the Sedgwick defendants, and the Cumberland defendants evidently concede the existence of personal jurisdiction over the remaining counts in the complaint, such jurisdiction does not then confer personal jurisdiction over the counts for defamation and invasion of privacy. *See Paulucci v. William Morris Agency, Inc.*, 952 F.Supp. 1335, 1341 (D.Minn. 1997).

jurisdiction).

To state a claim for defamation, a plaintiff must allege that a defendant published a statement about the plaintiff, that was false and damaged the plaintiff's reputation in the community. *Lewis v. Equitable Life Assur. Soc.*, 389 N.W.2d 876, 886 (Minn. 1986). Hanft Fride and some of the other defendants correctly note that, under Minnesota law, the allegedly defamatory statements must be quoted in the complaint. *Moreno v. Crookston Times Publishing Co.*, 610 N.W.2d 321, 326 (Minn. 2000).

In her complaint, Parniani frequently alleges that the defendants made defamatory statements. But with one exception, which only involves Segal, she does not quote any of the alleged statements. For this reason, she does not state a claim against Hanft Fride, The Hartford, or Medical Evaluations.

The claim for defamation against Segal requires further scrutiny. Parniani alleges that Segal, in a report he prepared on June 22, 2006, "essentially" called her a "liar." And she quotes other parts of the report. For the purposes of the motions to dismiss, this Court will assume that Parniani has adequately quoted a defamatory statement. Segal argues in part that, because this statement was prepared for use in the workers' compensation proceeding, it receives an absolute judicial privilege.

Even with all reasonable inferences in Parniani's favor, it is plain that the June 22 report was prepared for use in a workers' compensation proceeding. *See* Minn. Stat. § 176.136, subd. 1c; Minn. R. 5221.0410. A statement published for a judicial or quasi-judicial proceeding, that is relevant to those proceedings, receives an absolute judicial privilege and is not actionable for defamation. *See Jenson v. Olson*, 141 N.W.2d 488, 490 (Minn. 1966).

The June 22 report was prepared for a workers' compensation proceeding, and it addresses matters relevant in that proceeding, such as Parniani's credibility and the scope of her injuries. For this

reason, it receives an absolute judicial privilege, and statements in the report are not actionable for defamation. Thus Parniani also cannot state a claim for defamation against Segal.

### Count II:        False Light Publicity

The defendants assert, and this Court agrees, that Minnesota courts have not recognized the tort of false light publicity. *See Lake v. Wal-Mart Stores*, 582 N.W.2d 231, 235 (Minn. 1998). This count fails to state a claim upon which relief may be granted.

### Count III:        Invasion of Privacy—Publicity Given to Private Life

As noted beforehand, the counts for invasion of privacy remain against all but the Cardinal defendants, the Sedgwick defendants, and the Cumberland defendants. On the tort of publicity given to private life, the remaining defendants argue Parniani has not alleged how they have disseminated private information to the public, so she has no claim.

To state this claim, a plaintiff must allege that a defendant publicized, to the public at large, matters about the plaintiff that are highly offensive to a reasonable person and are not of public concern. *Bodah v. Lakeville Motor Express*, 663 N.W.2d 550, 553, 557-58 (Minn. 2003). Even if her complaint is taken with all reasonable inferences in her favor, Parniani does not allege that the defendants published information about her to the public at large. So she does not state a claim on this count.

### Count IV:        Invasion of Privacy—Intrusion upon Seclusion

For the tort of intrusion upon seclusion, a plaintiff must show that a defendant made a highly offensive intrusion into some matter in which the plaintiff has a legitimate expectation of privacy. Such an intrusion may occur where a defendant invades medical records of the plaintiff. *Swarthout v. Mut. Serv. Life Ins. Co.*, 632 N.W.2d 741, 744-45 (Minn. App. 2001).

It is reasonable to infer from her complaint that Parniani voluntarily disclosed some of her medical records, which were then transmitted between the parties in connection with the workers' compensation proceeding. And it is reasonable, moreover, for Parniani to expect that these records are kept private. *See* Minn. Stat. § 176.138. But she does not make allegations about the nature of the intrusion, or that would illustrate why this intrusion is unreasonable. Without such allegations, she does not state a claim for intrusion upon seclusion.

### Count V: Civil Conspiracy

Action for conspiracy requires the plaintiff to properly plead an underlying intentional tort. *Stephenson v. Deutsche Bank AG*, 282 F.Supp.2d 1032, 1070 (D.Minn. 2003); *Harding v. Ohio Cas. Ins. Co.*, 41 N.W.2d 818, 825 (Minn. 1950). In her amended complaint, Parniani raises claims for fraud, defamation, invasion of privacy, and intentional infliction of emotional distress. To the extent she fails to state a claim on these counts, her claim for civil conspiracy likewise fails.

### Count VI: Employment Discrimination; Fair Labor Standards Act

Parniani brings actions for age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 623, and for sex discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2. She also brings action under the Fair Labor Standards Act, 29 U.S.C. § 207.

All these claims involve actions by an employee against an employer. With the exception of the Cardinal defendants, Parniani does not allege an employment relationship with the remaining defendants, and so she does not state a claim against them.

The Cardinal defendants argue that Parniani has not made sufficient allegations to establish any particularized form of discrimination, either by Cardinal as a whole or its officers or employees. Regardless

of the type of action, a plaintiff must allege sufficient facts in the complaint to establish a cause for relief.

As a general rule, to state a claim for employment discrimination, the plaintiff must allege membership in a protected class, and that the employer took an adverse employment action against the plaintiff for reason of being in that class. *Cf. Hesse v. Avis Rent a Car Sys.*, 394 F.3d 624, 631 (8th Cir. 2005) (sex discrimination); *Chambers v. Metro. Prop. & Cas. Ins. Co.*, 351 F.3d 848, 855 (8th Cir. 2003) (age discrimination). When the complaint is taken with all reasonable inferences in Parniani's favor, it does not allege membership in a particular class, or that the Cardinal took action against her for that reason. As a result, she does not state claims for employment discrimination.

Regarding the Fair Labor Standards Act claim, the Cardinal defendants correctly observe that Parniani has not alleged any pay or wage violations. This claim also fails.

### Count VII:     Disability Discrimination; Health Insurance Portability and
### Accountability Act

In this count, Parniani separately asserts a claim for disability discrimination pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12112. The analysis here mirrors that for the prior count. Except for the Cardinal defendants, there is no employment relation that would form the basis for liability. And taking all reasonable inferences in Parniani's favor, her complaint does not allege how the Cardinal defendants discriminated against her. So she does not state a claim for disability discrimination.

Parniani also adds a claim for violation of the Health Insurance Portability and Accountability Act. As the defendants correctly note, no private cause of action is available under this act, so this claim also fails. *See Johnson v. Quander*, 370 F.Supp.2d 79, 99-100 (D.D.C. 2005) (summarizing precedents).

### Count VIII:   Unauthorized Practice of Medicine

Parniani brings a claim for unauthorized practice of medicine under Minn. Stat. § 147.081.  The

defendants argue that there is no private cause of action under this statute, which provides that practicing

medicine without a license is a gross misdemeanor.  This argument has merit.  Where a statute defines a

criminal offense but does not supply a civil remedy, no cause of action is available.  *United States ex rel.*

*Burnette v. Driving Hawk*, 587 F.2d 23, 24 (8th Cir. 1978); *State ex rel. Wild v. Otis*, 257 N.W.2d

361, 364 (Minn. 1977).  Parniani does not state a claim on this count.

### Count IX:   Fraud

Opposing Parniani's fraud claim, the defendants invoke Rule 9(b), which requires allegations of

fraud to be pleaded with particularity.  The rule requires a plaintiff to recite the time and content of a

fraudulent misrepresentation and to identify the person who made the misrepresentation.  *Parnes v.*

*Gateway 2000, Inc.*, 122 F.3d 539, 549 (8th Cir. 1997).  The complaint only sets forth conclusory

statements, with none of the details that are required.  So Parniani fails to state a claim for fraud.

### Count X:   Negligence

Parniani brings action for negligence, alleging that the defendants breached various duties toward

her in the course of the workers' compensation dispute.  The defendants generally respond that they had

no duty to Parniani, and even if so, Parniani does not adequately plead how this duty was breached.  Some

defendants offer more specific arguments on the question of duty.

To bring a claim for negligence, a plaintiff must show that a defendant had a duty of due care to the

plaintiff; that the defendant breached this duty; and that this breach caused the plaintiff to suffer damages.

*Engler v. Illinois Farmers Ins. Co.*, 706 N.W.2d 764, 767 (Minn. 2005).  For the sake of argument, this

14

Court might assume the defendants owed some duty. But when the complaint is taken in the light most favorable to Parniani, it does not allege how they breached that duty. For this reason, there is no claim for negligence.

The Cardinal defendants add that, if an injury is attributable to negligence in the workplace, no action for negligence against the employer is permitted. *See McGowan v. Our Savior's Lutheran Chruch*, 527 N.W.2d 830, 834 (Minn. 1995). The same is true for co-employees acting in the scope of their employment, so long as they are not grossly negligent. *See Stringer v. Minnesota Vikings Football Club*, 705 N.W.2d 746, 754 (Minn. 2005). This court agrees that these rules are applicable here, and therefore, Parniani also cannot assert negligence against the Cardinal defendants on these grounds.

Segal separately notes that, where a physician is retained to perform an independent medical examination, the physician has no duty to the patient. This rule is generally correct, except that the physician still has a duty to conduct the examination in a manner that does not harm the patient. *See Henkemeyer v. Boxall*, 465 N.W.2d 437, 439 (Minn. App. 1991). As the complaint lacks allegations of such harm, Parniani also fails to state a claim against Segal for this reason.

### Count XI:        Intentional Infliction of Emotional Distress

For intentional infliction of emotional distress, a plaintiff must show that a defendant either intentionally or recklessly engaged in extreme and outrageous conduct, which caused the plaintiff to suffer severe emotional distress. *Langeslag v. KYMN Inc.*, 664 N.W.2d 860, 864 (Minn. 2003). The defendants argue that Parniani has not alleged any extreme or outrageous acts, and if she did, she fails to allege severe emotional distress.

For an act to be extreme and outrageous, it must pass the boundaries of civilized decency and be so severe that a reasonable person cannot be expected to endure it. *Hill v. Scott*, 349 F.3d 1068, 1075 (8th Cir. 2003). The complaint describes few acts of the defendants in meaningful detail, and of those, there is no indication that these acts were extreme and outrageous.

To state a claim, moreover, a plaintiff must allege facts showing that the acts caused severe emotional distress. General allegations of emotional distress are not enough. *See Stead-Bowers v. Langley*, 636 N.W.2d 334, 342-43 (Minn. App. 2001) (denying amendment of complaint because proposed amendment did not state a claim for intentional infliction of emotional distress); *cf. Eklund v. Vincent Brass & Aluminum Co.*, 351 N.W.2d 371, 379 (Minn. App. 1984) (holding that general concerns about mental distress, including minimal medical treatment, failed to establish emotional distress as a matter of law).

With reasonable inferences taken in her favor, her complaint only alleges a few acts by the defendants. Of these acts, she does not adequately allege how the acts caused her to suffer severe emotional distress. For this reason, she does not state a claim for intentional infliction of emotional distress.

### Count XII: Negligent Infliction of Emotional Distress

For negligent infliction of emotional distress, a plaintiff must establish an underlying claim for negligence. The plaintiff must also show, among other things, that the defendant's negligent act placed the plaintiff in a zone of physical danger. *Engler v. Illinois Farmers Ins. Co.*, 706 N.W.2d 764, 767 (Minn. 2005). As previously noted, Parniani does not state a claim for negligence. Nor does she allege that she was in a zone of physical danger. For these reasons, she also fails to state a claim for negligent infliction of emotional distress.

### Count XIII:    Unauthorized Practice of Law

Parniani also brings a claim for unauthorized practice of law.  The reasoning here reflects the previous analysis for unauthorized practice of medicine.  Except here, Parniani invokes Minn. Stat. § 481.02, which provides that unauthorized practice of law is a misdemeanor.  The statute creates a criminal offense but does not supply a civil remedy.  No cause of action is available, and therefore, Parniani fails to state a claim.

### Count XIV:    Administrative Procedure Act

For her remaining count, Parniani asserts certain defendants violated a data privacy provision  of the Administrative Procedure Act.  5 U.S.C. § 552a(g).  The defendants correctly note, however, that this statute only applies to federal government agencies.  *See* 5 U.S.C. § 552(f) (previously § 552(e)); 5 U.S.C. § 552a(a) (citing § 552(e)).  As none of the defendants are federal government  agencies, Parniani does not state a claim on this count.

### E.    Other Issues

Parniani brings several motions for default judgment and summary judgment.  To obtain such relief, she must state a cause of action in her complaint.  *See Moore v. United Kingdom*, 384 F.3d 1079, 1090 (9th Cir. 2004) (default judgment); *Jacob v. Curt*, 898 F.2d 838, 839 (1st Cir. 1990) (summary judgment).  Because she has not done so, it is appropriate to deny her motions for default judgment and summary judgment.

Parniani also has several motions that are sometimes styled as motions to dismiss.  These motions, which are lodged in opposition to the defendants' motions  to dismiss, are in effect memoranda opposing the defendants' motions.  After examining Parniani's motions, this Court finds that they do not supply

17

grounds to deny or strike the defendants' motions to dismiss. This Court concludes, because it is appropriate to grant the defendants' motions to dismiss, Parniani's motions should be denied.

Medical Evaluations has a motion in which it seeks leave to file Segal's June 22 report, his medical assessment of Parniani, under seal. It evidently brings this motion so it may cite the June 22 report in support of its motion to dismiss. Assuming for the sake of argument that this report is properly considered on a motion to dismiss for failure to state a claim, this Court finds the report is not material to the issues raised in the parties' motions. It is suitable for this motion, and Parniani's motion to strike this motion, to be denied as moot.

The only remaining issue is the status of XL Capital. As previously noted, there may be an issue whether it was properly served with process. Assuming that the other defendants prevail on their motions to dismiss, however, there would be no distinguishable claims that survive against XL Capital. In her complaint, Parniani makes no allegations or claims specific to XL Capital. Under these circumstances, this Court recommends on its own initiative that XL Capital also be dismissed. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 858 (8th Cir. 1982) (recognizing authority of court to dismiss, for failure to state a claim, on its own initiative).

## III.    CONCLUSION AND RECOMMENDATION

Based on the analysis above, this Court concludes that the defendants' motions to dismiss be granted; that the claims be dismissed with or without prejudice accordingly; and that this case be dismissed and judgment entered. Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1.      Parniani's motion to strike or for summary judgment (Doc. No. 27) be **DENIED.**

2.      The Cumberland defendants' motion to dismiss (Doc. No. 33) be **GRANTED.**

3.      The Cardinal defendants' motion to dismiss (Doc. No. 37) be **GRANTED.**

4.      The Sedwick defendants' motion to dismiss (Doc. No. 41) be **GRANTED.**

5.      Parniani's motion for default judgment (Doc. No. 56) be **DENIED.**

6.      Parniani's motion to deny motions to dismiss (Doc. No. 57) be **DENIED.**

7.      Hanft Fride's motion to dismiss or for summary judgment (Doc. No. 58) be **GRANTED.**

8.      Segal's motion to dismiss or to stay (Doc. No. 74) be **GRANTED.**

9.      Medical Evaluations' motion to dismiss (Doc. No. 76) be **GRANTED.**

10.     Parniani's motion for default judgment (Doc. No. 91) be **DENIED.**

11.     Parniani's motion to deny motions to dismiss (Doc. No. 93) be **DENIED.**

12.     Parniani's motion for summary judgment (Doc. No. 95) be **DENIED.**

13.     Medical Evaluations' motion for leave to file under seal (Doc. No. 97) be **DENIED AS MOOT.**

14.     Parniani's motion to deny or strike (Doc. No. 101) be **DENIED AS MOOT.**

15.     The Hartford's motion to dismiss (Doc. No. 114) be **GRANTED.**

16.     Parniani's motion to strike (Doc. No. 123) be **DENIED.**

17.     Parniani's motion to dismiss (Doc. No. 135) be **DENIED.**

18.     Parniani's motion to strike (Doc. No. 144) be **DENIED AS MOOT.**

19.     Parniani's motion to strike (Doc. No. 148) be **DENIED AS MOOT.**

20.     Parniani's motion for summary judgment (Doc. No. 154) be **DENIED.**

21.     Parniani's motion to expedite (Doc. No. 189) be **DENIED AS MOOT.**

22.     Counts I, III, and IV of the amended complaint be **DISMISSED WITHOUT PREJUDICE** as to the Cardinal defendants, the Sedgwick defendants, and the Cumberland defendants.

23.     All other counts against all other defendants be **DISMISSED WITH PREJUDICE.**

24.     This case be dismissed in its entirety and judgment entered.

Dated this 29th day of June, 2007.                    /s *Jeanne J. Graham*

_____
JEANNE J. GRAHAM
United States Magistrate Judge


## NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by July 19, 2007. A party may respond to the objections within ten days after service. Any objections or responses filed under this rule shall not exceed 3,500 words. The District Court shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties stipulate that the District Court is not required, under 28 U.S.C. § 636, to review a transcript of the hearing in order to resolve all objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.