UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

FARIBA PARNIANI,                                          Case No. 06-CV-2514 (PJS/JJG)

        Plaintiff,

v.                                                                    ORDER

CARDINAL HEALTH, INC., et al.,

        Defendants.

---

Fariba Parniani, plaintiff pro se.

Kelly D. DeWitt, Robert W. Vyverberg, Todd D. Steenson, HOLLAND & KNIGHT, LLP; Mark A. Fredrickson, LIND, JENSEN, SULLIVAN & PETERSON, PA, for defendants Cardinal Health, Inc., XL Capital, Ltd., Sedgwick Claims Mgmt. Services, Inc., Cumberland Pharmaceuticals, Inc., April Ulrickson, Lynn Johnson, David A. North, Kerry Clark, Carole Watkins, Jeff Russell, Jean Niece, Beth Catlett, Yvonne L. Long, Al Kazimi, James D. Aderhold, and J. William Hix.

Eric C. Tostrud, LOCKRIDGE GRINDAL NAUEN, for defendant The Hartford.

Gabriel D. Johnson, John D. Kelly, HANFT FRIDE, PA, for defendants Hanft Fride and Kathleen Bray.

Paul C. Peterson, Kevin J. Rodlund, LIND, JENSEN, SULLIVAN & PETERSON, PA, for defendants Nolan Segal, M.D., and Western Orthopaedic Surgery.

Barbara A. Zurek, Jenneane L. Jansen, Erica Gutmann Strohl, MEAGHER & GEER, PLLP, for defendant Medical Evaluations, Inc.

This matter is before the Court on plaintiff Fariba Parniani's objection to Magistrate Judge Jeanne J. Graham's June 29, 2007 Report and Recommendation ("R&R") [Docket No. 192]. The R&R is directed primarily to the following dispositive motions:

(1)      Parniani's motions for summary judgment [Docket Nos. 27, 95, and 154];

(2)      Parniani's motions for default judgment [Docket Nos. 56 and 91];

(3)      the Cumberland defendants' motion to dismiss [Docket No. 33];[1]

(4)      the Cardinal Health defendants' motion to dismiss [Docket No. 37];[2]

(5)      the Sedgwick defendants' motion to dismiss [Docket No. 41];[3]

(6)      the Hanft Fride defendants' motion to dismiss or for summary judgment [Docket
         No. 58];[4]

(7)      the motion of defendants Nolan Segal, M.D., and Western Orthopaedic Surgery to
         dismiss or to stay [Docket No. 74];

(8)      the motion of defendant Medical Evaluations, Inc. to dismiss or to stay [Docket
         No. 76]; and

(9)      the motion of defendant The Hartford to dismiss [Docket No. 114].

Judge Graham recommends that all of Parniani's claims be dismissed (some with

prejudice, some without).  Judge Graham also recommends that Parniani's motion for summary

---

[1]The Cumberland defendants are Cumberland Pharmaceuticals, Inc., Al Kazimi, James D. Aderhold, and J. William Hix.

[2]The Cardinal Health defendants are Cardinal Health, Inc., Kerry Clark, Carole Watkins, Jeff Russell, Jean Niece, Beth Catlett, and Yvonne L. Long.

[3]The Sedgwick defendant are Sedgwick Claims Management Services, Inc., April Ulrickson, Lynn Johnson, and David A. North.  Parniani has also named "Sedgwick of Michigan, Inc." in her complaint, but this is apparently the same entity as Sedgwick Claims Management Services, Inc.  *See* Mem. Supp. Sedgwick Defs. Mot. Dism. at 1 [Docket No. 43].

[4]The Hanft Fride defendants are Hanft Fride, PA, and Kathleen Bray.

judgment, as well as various other pending motions, be denied.[5]  Ultimately, Judge Graham recommends dismissing this case.

The Court has reviewed de novo those portions of the R&R to which Parniani has objected, as required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  The Court agrees almost entirely with Judge Graham's analysis and recommendations.  The Court's disposition of some matters, however, differs somewhat from the disposition recommended by Judge Graham. Accordingly, the Court adopts the R&R to the extent that it is consistent with this order.  The Court writes separately to explain those matters as to which the Court departs from the R&R.

## I. DISCUSSION

Although Judge Graham recommends dismissing certain claims without prejudice, the Court finds that all of Parniani's claims are appropriately dismissed with prejudice.  Before turning to each of the counts in Parniani's complaint, it will be helpful to review the key allegations in the complaint.

Essentially, Parniani alleges that she was injured in a work-related accident and that she is being deprived of the worker's-compensation and unemployment-compensation benefits to which she is entitled because defendants made statements in connection with state worker's-compensation and unemployment-compensation proceedings that were not true.  Instead of (or in addition to) challenging untrue evidence presented in state proceedings in the manner that it is usually challenged — that is, by appealing through the state system — Parini has made a

---

[5]Parniani has filed various papers styled motions to "strike" or to "deny motions to dismiss" [Docket Nos. 57, 93, 101, 123, 135, 144, and 148].  These are really memoranda in opposition to defendants' motions, rather than motions.  She has also filed a "motion to expedite" [Docket No. 189], which is not a type of motion authorized by the Federal Rules of Civil Procedure.

federal case out of her dispute by filing a 14-count complaint against 23 defendants.  The heart

of Parniani's case is presented in paragraph 16 of her First Amended Complaint, in which she

alleges:

> As part of their campaign, which continues to the present, to smear
> defame and harm Plaintiff, Defendant Sedgwick, knowledgeable of
> their known false statements included in their report to the
> Minnesota Workman's Compensation officials knew or should
> have known that such false statements would lead to a denial of
> Plaintiff's workman's compensation claim for her injuries
> sustained on the job and moreover that such false, misleading and
> defamatory statements about Plaintiff would be improperly
> published.  Among other things, Defendant Sedgwick falsely
> accused Plaintiff of fabricating, for monetary gain, Plaintiff's
> claim that she had been injured and in fact, included in various
> reports to the State of Minnesota statements which were knowingly
> false to foreclose on Plaintiff's ability to secure workman's
> compensation.  Sedgwick and co-defendant Cardinal did much the
> same when they lied to the State of Minnesota which led to
> plaintiff Parniani's denied benefits for unemployment
> compensation.

First Am. Compl. ¶ 16 [Docket No. 6].  In addition, Parniani asserts that defendant Nolan Segal,

M.D., conducted an "unlawful deposition" of her, *id.* ¶ 27, rather than the independent medical

examination he was hired to conduct, and that he accused Parniani of lying about her condition

in his post-examination report, *id.* ¶¶ 26-28.

### *Count 1 — Defamation*

Judge Graham finds that Parniani has not alleged facts sufficient to demonstrate that this

Court has personal jurisdiction over the Cardinal defendants, the Cumberland defendants, or the

Sedgwick defendants with respect to Parniani's claim for defamation in Count 1 of her

complaint.  R&R at 8-9.  Judge Graham accordingly recommends dismissing Count 1 without

prejudice with respect to these defendants.  *Id.* at 9.  With respect to all other defendants besides

Nolan Segal, M.D., Judge Graham recommends dismissing Count 1 with prejudice because Parniani has not quoted in the complaint any defamatory statements by the defendants. *Id.* at 10. With respect to defendant Segal, Judge Graham recommends dismissing Count 1 with prejudice on the basis that his allegedly defamatory statement was made in a report prepared in connection with a judicial proceeding and is therefore absolutely privileged under Minnesota law. *Id.* at 10-11.

The Court agrees with most of Judge Graham's analysis. The Court also finds, however, that Parniani's defamation claim rests entirely on allegations about statements allegedly made in connection with worker's-compensation and unemployment-compensation proceedings. Accordingly, the Court finds that every defendant is immune from liability for defamation based on those statements. *See Jenson v. Olson*, 141 N.W.2d 488, 490 (Minn. 1966) (recognizing "an unqualified privilege against liability for slanderous statements, made even maliciously and with knowledge of their falsity, if they are (1) that of a witness, (2) at a judicial or quasi-judicial hearing, and (3) relevant to the subject matter of the litigation"); *Dorn v. Peterson*, 512 N.W.2d 902, 906 (Minn. Ct. App. 1994) ("A communication is absolutely privileged if it is published in the due course of a judicial proceeding and is pertinent and relevant to that proceeding."). For this additional reason, Count 1 is dismissed with prejudice with respect to all defendants for failure to state a claim.

### Count 2 — False-Light Publicity

Judge Graham correctly points out that Minnesota has not recognized the tort of false-light publicity. R&R at 11. Count 2 is therefore dismissed with prejudice with respect to all defendants for failure to state a claim.

*Counts 3 and 4 — Invasion of Privacy*

Judge Graham finds that Parniani has not alleged facts sufficient to demonstrate that this Court has personal jurisdiction over the Cardinal defendants, the Cumberland defendants, or the Sedgwick defendants with respect to Parniani's claims for invasion of privacy in Counts 3 and 4 of her complaint.  R&R at 8-9, 11-12.  Judge Graham accordingly recommends dismissing Counts 3 and 4 without prejudice with respect to these defendants.  *Id.* at 9.  Judge Graham also finds that the facts alleged by Parniani cannot support a claim for invasion of privacy based on either publicity given to her private life (Count 3) or intrusion upon seclusion (Count 4).  R&R at 11-12.

The Court largely agrees with Judge Graham.  The Court finds, however, that dismissal with prejudice with respect to all defendants is warranted because, as a matter of law, the facts alleged by Parniani do not support a claim for invasion of privacy.  Counts 3 and 4 are therefore dismissed with prejudice with respect to all defendants.

*Count 5 — Conspiracy*

Judge Graham points out that a conspiracy claim cannot survive without an underlying tort.  R&R at 12.  The Court agrees and therefore dismisses Count 5 with prejudice with respect to all defendants.

*Counts 6 and 7 — Employment Discrimination*

Parniani has alleged claims against all defendants for age, sex, national-origin, and disability discrimination with respect to her employment.  The Court agrees with Judge Graham that only defendant Cardinal Health — her former employer — could be found liable for employment discrimination.  R&R at 12-13.  The Court also agrees with Judge Graham's

assessment of Parniani's purported claims under the Fair Labor Standards Act, 29 U.S.C. § 207, and the Health Insurance Portability and Accountability Act. Parniani fails to state a claim under either act.

With respect to Parniani's claims for age, sex, national-origin, and disability discrimination, the Court agrees with Judge Graham that Parniani has not alleged that Cardinal Health took *employment*-related adverse action against her on any of these bases. R&R at 12-13. As to national-origin discrimination, the Court agrees with Judge Graham that Parniani has not alleged that she is a member of a protected class. R&R at 13. The Court finds, however, that Parniani has sufficiently alleged that, as a 52-year-old woman, she is a member of a protected class under the Age Discrimination in Employment Act, 29 U.S.C. §§ 623(a), 631(a), and Title VII, 42 U.S.C. § 2002e-2(a). *See* First Am. Compl. Intro. ¶ ("This is an action by 52 year old Plaintiff Fariba Parniani amending her complaint . . . ."). And Parniani has arguably alleged that she is disabled, by contending in her complaint that she "is still very much in pain, cannot sleep or bend without excruciating pain in her lower and upper back areas." First Am. Compl. ¶ 13.

Parniani's claims, however, center on allegations about actions taken by various defendants in connection with worker's-compensation and unemployment-compensation proceedings. With respect to Cardinal Health, in particular, Parniani alleges only two things: (1) Cardinal "lied to the State of Minnesota which led to plaintiff Parniani's denied benefits for unemployment compensation," ¶ 16; and (2) Cardinal "direct[ed] Defendant Sedgwick to smear, defame and harm Plaintiff and her reputation," ¶¶ 21 & 22. This latter allegation apparently refers to actions Sedgwick took in the course of worker's-compensation proceedings.

Even if Cardinal Health did both of these things, Parniani would not have a claim for employment discrimination, because these are not adverse employment actions within the meaning of federal employment-discrimination law. *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998) ("A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."). Accordingly, Counts 6 and 7 are dismissed with prejudice as to all defendants.

### Count 9 — Fraud

Judge Graham notes that Parniani has failed to plead fraud with the specificity required under Rule 9(b) of the Federal Rules of Civil Procedure. R&R at 14. The Court agrees. The Court also finds that, entirely apart from the level of specificity of her allegations, Parniani has not alleged facts that could support a claim of fraud.

Parniani alleges that the defendants lied in the course of worker's-compensation and unemployment-compensation proceedings. First Am. Compl. ¶¶ 16, 26-28. But because Parniani has not alleged that a fraud was perpetrated *on her* — she alleges that the State of Minnesota, not she, was deceived by various defendants — her complaint fails to state a legal claim for fraud, and Count 9 is therefore dismissed with prejudice.

### Counts 8 and 10-14

The Court agrees with Judge Graham's analysis with respect to Counts 8 and Counts 10 through 14. R&R at 14-17. Accordingly, those claims are dismissed with prejudice for failure to state a claim.

## II.  CONCLUSION

The Court recognizes that Parniani sincerely believes that she has been grievously wronged because defendants have presented false evidence in state proceedings.  But not all wrongs can be remedied in federal court, especially when those wrongs relate to evidence presented — and decisions made — in the course of state proceedings.  In this case, if defendants presented evidence in state proceedings that was untrue, Parniani's remedy was to expose the evidence as false to the state decisionmakers — and, if necessary, to appeal from their decisions.

The Court has carefully considered Parniani's complaint and her voluminous filings in this federal action and has concluded that, even if Parniani's allegations are all true, she has not stated a legal claim that can be brought before this Court.

## ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.    The Report and Recommendation [Docket No. 192] is ADOPTED IN PART to the extent that it is consistent with the foregoing.

2.    Parniani's motion for summary judgment and to strike [Docket No. 27] is DENIED.

3.    Parniani's motions for default judgment [Docket Nos. 56 and 91] are DENIED.

4.    Parniani's motions for summary judgment [Docket Nos. 95 and 154] are DENIED.

5.      Parniani's motions to deny defendants' motions [Docket Nos. 57, 93, and 135] are

        DENIED.

6.      Parniani's motions to strike [Docket Nos. 101, 123, 144, and 148] are DENIED.

7.      Parniani's motion to expedite [Docket No. 189] is DENIED.

8.      The motion of defendant Medical Evaluations, Inc. to file under seal [Docket

        No. 97] is DENIED AS MOOT.

9.      The Cumberland defendants' motion to dismiss [Docket No. 33] is GRANTED.

10.     The Cardinal Health defendants' motion to dismiss [Docket No. 37] is

        GRANTED.

11.     The Sedgwick defendants' motion to dismiss [Docket No. 41] is GRANTED.

12.     The Hanft Fride defendants' motion to dismiss or for summary judgment [Docket

        No. 58] is GRANTED IN PART.

13.     The motion of defendants Nolan Segal, M.D., and Western Orthopaedic Surgery

        to dismiss or to stay [Docket No. 74] is GRANTED IN PART.

14.     The motion of defendant Medical Evaluations, Inc. to dismiss or to stay [Docket

        No. 76] is GRANTED IN PART.

15.     The motion of defendant The Hartford to dismiss [Docket No. 114] is

        GRANTED.

16.     The complaint in its entirety as against all defendants is DISMISSED WITH

        PREJUDICE AND ON THE MERITS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July  27 , 2007

s/Patrick J. Schiltz                               
Patrick J. Schiltz
United States District Judge